WRIGHT, FINLAY & ZAK, LLP
Robert A. Riether Esq.
Nevada Bar No. 12076
Lindsay D. Robbins, Esq.
Nevada Bar No. 13474
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
(702) 475-7967; Fax: (702) 946-1345
lrobbins@wrightlegal.net
*Attorneys for Plaintiff, U.S. Bank National Association, as Trustee for Greenpoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2007-AR1*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR GREENPOINT MORTGAGE FUNDING TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-AR1,<br><br>                    Plaintiff,<br><br>          vs.<br><br>STEWART TITLE GUARANTY COMPANY,<br><br>                    Defendant. | Case No.: 2:20-cv-00176-RFB-EJY<br><br>**MOTION FOR EXTENSION OF TIME TO SERVE SUMMONS AND COMPLAINT** |

COMES NOW Plaintiff, U.S. Bank National Association, as Trustee for Greenpoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2007-AR1 ("U.S. Bank"), by and through its attorneys of record, Robert A. Riether, Esq. and Lindsay D. Robbins, Esq., of the law firm of Wright, Finlay & Zak, LLP, and pursuant to Rule 4 of the Federal Rules of Civil Procedure, moves for a thirty (30) day extension of time to serve process on Defendant, Stewart Title Guaranty Company ("Stewart").

/ / /

/ / /

### <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I.      INTRODUCTION

On January 24, 2020, U.S. Bank commenced this suit against Stewart for breach of contract and bad faith arising out of Stewart's wrongful denial of a title policy claim for indemnity and defense of title stemming from a Nevada HOA foreclosure sale.   Stewart is a necessary and proper party to this action, as it issued and underwrote the lender's title policy of insurance connected to the purchase of the real property located at 2806 Don Juan Court, North Las Vegas, NV 89030 ("Property"). U.S. Bank is the current beneficiary of a Deed of Trust recorded against the Property and, as such, is an insured under the title policy.

After filing the Complaint and receiving the executed Summons, counsel for U.S. Bank immediately and accurately calendared the deadline to serve Stewart as April 23, 2020, ninety (90) days after the date of filing of the Complaint. *See* FRCP 4(m). However, before U.S. Bank effectuated service of process on Stewart, the deadline was inadvertently marked "complete" in the calendaring system utilized by counsel for U.S. Bank. As such, the calendar did not reflect that service was outstanding and the April 23, 2020 deadline passed without having served Stewart. It was not until April 28, 2020, when undersigned counsel for U.S. Bank was reviewing the file, that the issue with the calendared deadline was discovered and that the Summons and Complaint had not been served on Stewart.

Due to the unintended calendaring error, U.S. Bank requests a thirty (30) day extension of time, until May 26, 2020[1], to serve the Summons and Complaint on Stewart and to obtain and file the executed Affidavit of Service.

---

[1] A thirty (30) day extension provides a deadline of May 23, 2020, which falls on a Saturday. Given that the following Monday, May 25, 2020 is a Federal Holiday, U.S. Bank is requesting an

## II.   ARGUMENT

FRCP 4(m) requires service upon defendant within ninety (90) days after the complaint is filed. *See* FRCP 4(m). However, if the plaintiff shows good cause for the failure to serve within the specified time period, the court must extend the time for service for an appropriate period. *Id.* Here, U.S. Bank seeks an extension of time to serve process on Stewart due to an inadvertent calendaring mistake. While counsel for U.S. Bank immediately and accurately calendared the deadline to serve as April 23, 2020, before service was effectuated, the deadline was marked "complete" and it was not until April 28, 2020 that the undersigned counsel for U.S. Bank became aware that service had not yet been effectuated. As such, good cause exists for the extension of time because U.S. Bank's counsel was unaware that service was not effectuated until April 28, 2020, five days after the deadline to serve.

Accordingly, U.S. Bank seeks a thirty (30) day extension until May 26, 2020 to serve the Summons and Complaint to Stewart and to obtain the executed Affidavit of Service. This Motion is made in good faith and is not intended for the purpose of delaying said action. Moreover, the parties will not be harmed or prejudiced if this Court grants the relief requested herein.

///

///

///

///

///

///

///

extension until Tuesday, May 26, 2020, the next judicial calendar day.

**III.     CONCLUSION**

Based on the foregoing, U.S. Bank requests that this Court grant the Motion to Extend Time to Serve and enter an Order granting a thirty (30) day extension of time until May 26, 2020, to effectuate service to Stewart.

DATED this 28th day of April, 2020.

WRIGHT, FINLAY & ZAK, LLP

*/s/ Lindsay D. Robbins*
Lindsay D. Robbins, Esq.
Nevada Bar No. 13474
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
*Attorneys for Plaintiff, U.S. Bank National Association, as Trustee for Greenpoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2007-AR1*

IT IS SO ORDERED.

UNITED STATES MAGISTRATE JUDGE

Dated:  April 28, 2020